# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1109 | **DATE** | 5/29/2001 |
| **CASE TITLE** | Reddick vs. Bloomingdale Police Officers, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Glen Oaks Hospital's motion and amended motion to dismiss the plaintiffs' amended fifth amended complaint [263-1] [275-1] are DENIED. Enter Memorandum Opinion and Order. /s/ Geraldine Soat Brown

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 1 2001 date docketed | 289 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 MAY 31 PM 5: 06 | 5/29/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| tw | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN REDDICK, et al., </br>Plaintiffs, </br></br>v. </br></br>BLOOMINGDALE POLICE OFFICERS, </br>et al., </br>Defendants. | Case No. 96 C 1109 </br></br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

This cause coming to be heard on the Motion and Amended Motion of defendant GlenOaks Hospital & Medical Center ("GlenOaks") to dismiss the plaintiffs' Amended Fifth Amended Complaint [Dkt #275 and 263], the parties having submitted briefs on the motions and the Court having heard oral argument, for the following reasons, the motions are hereby DENIED.

## PROCEDURAL HISTORY OF GLENOAKS' MOTIONS

This case has a long and complicated procedural history, reflected by the fact that the present motion seeks to dismiss portions of an Amended Fifth Amended Complaint.[1] Although there has been some modification of the plaintiffs' pleadings since Judge David Coar issued a Memorandum Opinion and Order on various defendants' motions to dismiss the Second Amended Complaint in July 1997 (the "1997 Order" [Dkt #74]), the factual allegations are essentially the same as set out in that Order and will not be recited here.

---

[1] In addition, this case had been assigned to four other judges before being reassigned to this Court in June 2000.

1

On June 23, 2000, the plaintiffs moved for leave to file a Fifth Amended Complaint. [Dkt #245.] After briefing and oral argument on objections raised by the defendants, the plaintiffs were granted leave to file the Fifth Amended Complaint with certain modifications pursuant to the Court's oral ruling. (Minute Order of October 31, 2000 [Dkt #258.]) The plaintiffs filed their Amended Fifth Amended Complaint on November 14, 2000. [Dkt #259.] GlenOaks filed a motion to dismiss portions of that Complaint [Dkt #275], superceded by an amended motion to dismiss. [Dkt #263.][2] Certain portions of GlenOaks' motions were mooted when, on March 3, 2001, the date initially set for argument on the motions, the plaintiffs' counsel informed the Court that the plaintiffs were voluntarily withdrawing Count XIII, and two allegations of Count XI (Subparagraphs 81(6) and 82(6)). [Dkt #276.][3] The plaintiffs also moved for and were granted leave to file a certificate of merit as required by 735 ILCS 5/2-622 with respect to the allegations against GlenOaks. [Dkt. #279.] The remaining issue on GlenOaks' motions is whether Count XI is barred by Illinois' four year statute of repose for actions against a hospital arising out of patient care. 735 ILCS 5/13-212(a).[4]

---

[2] Certain other defendants (the Bloomingdale Firefighters and Paramedics) also filed motions directed to the Amended Fifth Amended Complaint. [Dkt #265, 266, 269.] Those motions will be ruled upon in a separate order.

[3] GlenOaks' motions as to Subparagraphs 81(6) and 82(6) sought summary judgment on the allegations of those subparagraphs, but the motions were not in the format required for motions for summary judgment by Local Rule 56.1. The parties are cautioned that any motions for summary judgment that are not in the format required by that Local Rule are subject to being stricken by the Court.

[4] That statute provides:

Except as provided in Section 13-215 of this Act [relating to minors], no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2

2

## HISTORY OF THE ALLEGATIONS AGAINST GLENOAKS

The Amended Fifth Amended Complaint alleges that Robert Reddick was brought to GlenOaks on November 20, 1995 and that he died on that date as a result of GlenOaks' actions or inactions. (Am. 5th Am. Compl. at ¶¶76-83.) Thus, the statute of repose would not bar claims filed earlier than November 20, 1999. The plaintiffs filed four versions of their complaint before that date. GlenOaks was not named as a defendant in the initial Complaint filed February 26, 1996 [Dkt # 1], but was added in the Amended Complaint filed October 1, 1996. [Dkt #15.] That Amended Complaint alleged a claim of negligence against GlenOaks and Dr. Meade, a doctor working there. (Am. Compl. at ¶156-172.) The claim against GlenOaks was also pleaded in the Second Amended Complaint filed January 14, 1997 [Dkt #44], and in the Third Amended Complaint filed August 26, 1997 (although it was renamed "Wrongful Death"). [Dkt #76.] The Wrongful Death claim was also pleaded in the Fourth Amended Complaint filed December 10, 1997. [Dkt #125.] The allegations of wrongful conduct by GlenOaks stated in the Fourth Amended Complaint were essentially the same as those in the Amended Complaint:

> ¶190. Defendant Glen Oaks Hospital, after assuming the emergency and routine care of Robert Reddick, carelessly and negligently committed one or more of the following acts or omissions in treating Plaintiff, as follows: failed to adequately perform a triage assessment or evaluation of Mr. Reddick for three to five minutes after his arrival at Glen Oaks Hospital; failed to adequately monitor his vital signs and physical condition; failed to remove the towel and gauze around his head; failed to remove or at least loosen his restraints binding him to the board; or turn him over on his back, all to enable him to breath[sic].

---

years after the date on which the claimant knew, or through the use of reasonable diligence should have know, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

3

¶191. The acts or omissions set forth above failed to meet the degree of care and caution commonly exercised by other hospitals, physicians and nurses of the community, for the emergency and routine treatment of patients, because Glen Oaks Hospital and its personnel, including nurses, doctors, attendants and others:
  a. Failed to render the services required of a medical facility through its agents, servants or employees to render to its patients;
  b. Failed to render medical services consistent with the medical needs of Robert Reddick;
  c. Failed to intervene on behalf of Robert Reddick, to ensure that proper medical care and attention was being given;
  d. Failed to order necessary tests;
  e. Negligently, improperly and unskillfully attended and treated Robert Reddick.

(4th Am. Compl. at ¶¶190-191.)

The plaintiffs' proposed Fifth Amended Complaint broke the wrongful death claim against GlenOaks into two counts: Count XI for wrongful death–corporate negligence, and Count XII for wrongful death–vicarious liability.[5] Count XI alleged in part:

¶ 81. The duties owed by Glen Oaks Hospital to the decedent, included but were not limited to: (1) the duty to provide timely and proper emergency room medical care regardless of the patient's race; (2) the duty to provide proper emergency medical care from qualified individuals through a well defined plan; (3) the duty to provide emergency room care by personnel who were prepared for their emergency care responsibilities through appropriate training and education; (4) the duty to provide proper medical evaluation and treatment in the emergency department by a triage nurse(s) who could correctly identify the level of the patient's acuity; (5) the duty to provide proper medical care and treatment based on guidelines set forth by the Rocky Mountain Poison Control Center; (6) the duty to provide immediate medical care and attention by a trauma surgeon to Category I patients; (7) the duty to have properly trained emergency department nurses capable of recognizing the signs, symptoms and manifestations of asphyxiation and/or general respiratory distress and immediately bringing the same to the attention of the hospital administration and/or appropriate physicians; and (8) the duty to provide and keep accurate medical records reflecting the medical care and treatment of the decedent on November 20, 1995.

¶ 82. The Glen Oaks Hospital breached the above stated duties owed to the decedent by engaging in the following negligent and careless acts or omissions which directly and proximately caused Mr. Reddick's death: (1) failed to ensure that timely and

---

[5] Plaintiffs' proposed 5th Amended Complaint also introduced a third prospective claim against GlenOaks, Count XIII, which alleged conspiracy to conceal in violation of 42 U.S.C. §1983.

> proper medical care was provided to the decedent by the triage nurse(s); (2) failed to ensure that proper emergency room medical evaluation and treatment from qualified nurses was provided to the decedent; (3) failed to ensure that properly trained and educated emergency room nurses were on staff in the emergency room; (4) failed to ensure that qualified triage nurses were on staff who could properly identify the level of acuity in patients such as Robert Reddick; (5) failed to ensure that its medical staff was properly trained under and provided treatment consistent with the Rocky Mountain Poison Control Center guidelines; (6) failed to provide properly trained nurses to recognize and treat Category I trauma patients; (7) failed to provide properly trained emergency room nurses capable of recognizing the signs, symptoms, and manifestations of respiratory distress or asphyxiation; and (8) failed to keep and/or provide medical records accurately reflecting the medical care and treatment given to Robert Reddick.

(Proposed 5th Am. Complaint at ¶¶81-82.) Count XII alleged that Nurse Annette Borchers, one of GlenOaks' employees, failed to use due care to correctly identify and treat Robert Reddick's condition and to alert the emergency room physician of Mr. Reddick's level of acuity, and that GlenOaks is vicariously liable for Nurse Borchers' actions.

GlenOaks objected to the filing of the Fifth Amended Complaint, arguing that it was untimely, having been filed after the close of discovery, and that the Count XI (corporate negligence) and Count XIII (1983 conspiring to conceal evidence) were barred by the statute of repose. GlenOaks argued that the allegations of Counts XI and XIII were "markedly different from the standard of medical care rendered to Robert Reddick," which GlenOaks argued was the subject of the earlier complaints. (Glen Oaks Hospital's Mem. of Law in Opp'n to Pls.' Mot. for Leave to File 5th Am. Compl. at 3-4, 9 [Dkt #250.]) At the oral argument on GlenOaks' motion, GlenOaks' counsel argued that the allegations suggesting that GlenOaks had an obligation to train its personnel would require additional discovery. (Tr. of Oct. 31, 2000 at 57-59, 75, 78.) The plaintiffs' counsel conceded that none of its expert disclosures had contained an opinion that it was a violation of due care for the hospital to fail to train its staff properly. (*Id.* at 91.) He also stated that the plaintiffs did not intend to plead that GlenOaks had an affirmative obligation to train its medical personnel.

5

Mr. Ouimet: What I'm saying is, is the hospital had an affirmative obligation under Illinois law to have employed properly trained personnel, not that they themself had another–an additional duty to retrain them or issue additional training instructions.

(*Id.* at 95.)

At the conclusion of the hearing, the plaintiffs were given leave to file their proposed Fifth Amended Complaint with certain modifications, including striking subparagraph (5) of paragraph 82 and clarifying that the plaintiffs are not claiming that there was an obligation on the part of GlenOaks to engage in particular training. (*Id.* at 122-23.) GlenOaks' counsel again raised the issue of the statute of repose, and the Court ruled that the only part of proposed Count XI that was questionable was the issue of a duty to train on the part of GlenOaks. (*Id.*) Thus, contrary to GlenOaks' present argument, the issue of the statute of repose was expressly raised and expressly denied with the exception noted. The plaintiffs were given leave to file an Amended Fifth Amended Complaint with the required modifications.

The Amended Fifth Amended Complaint filed thereafter by the plaintiffs modified the proposed claims against GlenOaks as follows (deletions are noted by striking out; additions are underlined):

¶ 81. The duties owed by Glen Oaks Hospital to the decedent, included but were not limited to: (1) the duty to provide timely ~~and proper~~ emergency room medical care regardless of the patient's race; (2) the duty to provide ~~proper~~ emergency room care by personnel who were prepared to immediately render appropriate medical care to patients chemically maced by pepper spray, such as Robert Reddick; ~~from qualified individuals through a well defined plan; (3) the duty to provide emergency room care by personnel who were prepared for their emergency care responsibilities through appropriate training and education; (4)~~ (3) the duty to provide proper medical ~~evaluation~~ care and treatment to ~~in the~~ emergency department patients by a triage nurse(s) who could correctly identify the level of the patient's acuity; ~~(5) the duty to proved proper medical care and treatment based on guidelines set forth by the Rocky Mountain Poison Control Center;~~ ~~(6)~~ (4) the duty to provide immediate medical care and attention ~~by a trauma surgeon~~ to Category I patients; ~~(7)~~ (5) the duty to ~~have properly trained~~ provide emergency room ~~department~~ nurses capable of recognizing the signs, symptoms and manifestations of asphyxiation and/or general respiratory

distress and immediately bringing the same to the attention of the hospital administration and/or appropriate physicians; and (8) (6) the duty to provide and keep accurate medical records reflecting the medical care and treatment of the decedent on November 20, 1995.

¶ 82. The Glen Oaks Hospital breached the above stated duties owed to the decedent by engaging in the following negligent and careless acts or omissions which directly and proximately caused Mr. Reddick's death: (1) failed to ensure that timely ~~and proper~~ medical care was provided to the decedent regardless of his race ~~by the triage nurse(s)~~; (2) failed to ensure that proper emergency room medical care ~~evaluation~~ and treatment ~~from qualified nurses~~ was provided to the decedent <u>who was chemically maced</u>; (3) ~~(7)~~ failed to provide ~~properly trained~~ emergency ~~department~~ room nurses capable of recognizing the signs, symptoms and manifestations of <u>asphyxiation and/or general</u> respiratory distress ~~or asphyxiation; (3) failed to ensure that properly trained and educated emergency room nurses were on staff in the emergency room~~; (4) failed to ensure that qualified triage nurses were on staff who could properly identify the level of acuity in patients such as Robert Reddick; ~~(5) failed to ensure that its medical staff was properly trained under and provided treatment consistent with the Rocky Mountain Poison Control Center guidelines; (6)~~ (5) failed to provide ~~properly trained nurses to recognize and treat~~ <u>immediate medical care and attention to the decedent who was a</u> [C]ategory I ~~trauma~~ patients; and ~~(8)~~ (6) failed to keep and/or provide medical records accurately reflecting the medical care and treatment given to Robert Reddick.

(Am. 5th Am. Compl. at ¶¶81-82.) As noted above, the plaintiffs have agreed to withdraw subparagraphs 81(6) and 82(6) relating to the medical records. GlenOaks now argues that the present allegations are barred by the statute of repose, and alternatively, seeks reconsideration of the Court's previous ruling.

## ANALYSIS

Federal Rule of Civil Procedure 15(c) provides (in part):

An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. . . .

Applying either Subsection 15(c)(1) or 15(c)(2), the plaintiffs' proposed Count XI as currently

7

pleaded can be deemed to relate back to their earlier pleadings. The standard under either Subsection (1) or (2) concerns whether the defendant has had notice so that it is not prejudiced by the amendment. Under Rule 15(c):

> amendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c) test and will relate back. Thus, amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c). But if the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired.

6A Wright, Miller & Kane, *Federal Practice and Procedure 2d* §1497 at 74-79 (1990).

Illinois law provides the applicable statute of limitation on the wrongful death and vicarious liability claims against GlenOaks. Illinois law provides that a cause of action in an amended pleading is not barred by any statute of limitations or repose, if the original pleading was timely filed and if "the cause of action asserted, or the defense or crossclaim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2-616(b). The Illinois Supreme Court has stated that, under that statute:

> [i]nstead of splitting hairs over types of faults, the inquiry is whether there is enough in the original description to indicate that plaintiff is not attempting to slip in an entirely distinct claim in violation of the spirit of the limitations act.

*Simmons v. Hendricks*, 32 Ill.2d 489, 497 (1965), quoted in *Marek v. O.B. Gyne Specialists II, S.C.*, 746 N.E.2d 1, 10 (Ill. App. 2001). The appellate court in *Marek* reversed the dismissal of a second amended complaint against a hospital on the basis of the statute of limitations and explained:

> [T]he rationale behind the same transaction or occurrence rule established in section 2-616(b) is that a defendant will not be prejudiced by an amendment as long as its attention was directed, within the limitations period, to the facts that form the basis of the claim asserted against it. . . .
> We also note that [case law] and the language of section 2-616(b) do not require that the allegations in a particular count of an original complaint correspond to the same

8

defendant in an amended complaint for the relation-back doctrine to apply. Rather, the focus is on the identity of the transaction or occurrence on which the causes of action are based.

746 N.E.2d at 9.

The comparison of the former and present versions of Paragraphs 81 and 82 demonstrates that the plaintiffs have complied with the October 31, 2000 Order to delete from the allegations against GlenOaks any claim that GlenOaks had an obligation to train its employees or that GlenOaks breached such an obligation. The allegations of paragraphs 81 and 82 as currently pleaded deal with the care and treatment that GlenOaks was allegedly obligated to provide to Robert Reddick and GlenOaks' alleged breach of that obligation. Like all of the plaintiffs' allegations in any of their complaints, they arise out of GlenOaks' treatment of Robert Reddick on a single occasion, November 20, 1995. They can be fairly read as "expanding upon" the prior allegations that GlenOaks "[f]ailed to render medical services consistent with the medical needs of Robert Reddick; ... [f]ailed to intervene on behalf of Robert Reddick, to ensure that proper medical care and attention was being given; ... [and] [n]egligently, improperly and unskillfully attended and treated Robert Reddick." (4th Am. Compl. at ¶ 191.) GlenOaks has had adequate notice of the conduct, transaction or occurrence forming the basis of the plaintiffs' allegations. Thus, the plaintiffs' allegations in ¶¶ 81 and 82 of the Amended Fifth Amended Complaint relate back to the allegations of the previous complaints against GlenOaks and are not barred by the statute of limitation or repose.

GlenOaks has not expressly moved to dismiss Count XII alleging vicarious liability on the part of GlenOaks as a result of the allegedly negligent actions of its employee Nurse Borchers. Thus, pursuant to the Order of December 19, 2000 [Dkt #262] that any motions to dismiss should be filed by December 29, 2000, GlenOaks has technically waived any such motion. In any event, such a motion would not succeed. Although Count XII is the first time that the plaintiffs have expressly

9

labeled a claim "vicarious liability," that count is also an amplification of the earlier allegation that GlenOaks "[f]ailed to render the services required of a medical facility through its agents, servants or employees to render to its patients." (4th Am. Compl. at ¶191.)

> The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading.

6A Wright, Miller & Kane, *Federal Practice and Procedure 2d* §1497 at 94-95 (1990). *See also Haltek v. Village of Park Forest*, 1995 WL 461903, *3 (N.D.Ill. 1995): "[W]hile the legal theories may be different, as long as the claims in the amended complaint arose out of the conduct alleged in the original complaint, Rule 15(c)(2) allows the new claims to relate back to the original claims." Thus, Count XII is not barred by the statute of limitations or repose.

## CONCLUSION

For the foregoing reasons, the Motion and Amended Motion of Glen Oaks Hospital & Medical Center to dismiss Counts XI of plaintiffs' Amended Fifth Amended Complaint are DENIED.

**IT IS SO ORDERED.**

GERALDINE SOAT BROWN
United States Magistrate Judge

**DATED: May 29, 2001**

10